UN UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

FELIX S. CANDELARIA JR. andCase No. 18-13232-ta7
SARAH DIANA CANDELARIAChapter 7

Debtors.

---

YVETTE J. GONZALES, Chapter 7 Trustee
of the Bankruptcy Estate of Felix S. Candelaria Jr.
and Sarah Diana Candelaria,

Plaintiff,

v.Adv. Proc. _____

MARISSA CANDELARIA and
MIRANDA CANDELARIA,

Defendant.

## COMPLAINT

## NATURE OF PROCEEDING

1.On December 31, 2018 (the "**Petition Date**"), Felix S. Candelaria Jr. and Sarah Diana Candelaria (together, the "**Debtors**") commenced the above-captioned bankruptcy case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). The Trustee was appointed as the chapter 7 trustee for this case and continues to serve in that capacity.

2.As described in detail below, Debtors disclosed in their Amended Statement of Financial Affairs for Individuals Filing for Bankruptcy (the "**SOFA**") (Doc. No. 27) that they transferred several vehicles to their daughters prepetition.

3. The transfers were done in order to hinder, delay, or defraud creditors or for less than reasonably equivalent value and while the debtors were insolvent.

4. The purpose of this proceeding is to avoid and recover the transfer made by Debtors to their daughters, Marissa Candelaria ("**Marissa**") and Miranda Candelaria ("**Miranda**") (together, the "**Defendants**"), and any other initial or subsequent transferee.

5. During the course of this adversary proceeding, the Trustee may learn (through additional discovery or otherwise) of additional transfers made to Defendants or of additional causes of action against Defendants. It is the Trustee's intention to avoid and recover all transfers made by Debtors of an interest of Debtors' in property that were made to or for the benefit of Defendants or any other transferee, and pursue all available causes of action against Defendants. The Trustee reserves the right to amend this original Complaint to include: (i) further information regarding any transfers made by Debtors to Defendants, (ii) additional transfers made by Debtors to Defendants, (iii) modifications or revisions to Defendants' name, (iv) additional defendants, or (v) additional causes of action (collectively, the "**Amendments**") that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for all Amendments to relate back to this original Complaint.

## PARTIES

6. Debtors are individuals residing in the state of New Mexico.

7. Miranda is an individual residing in the state of New Mexico.

8. Marissa is an individual residing in the state of New Mexico.

9. Defendants are the Debtors' daughters and therefore are insiders of the Debtors as defined by section 101(31)(i).

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and/or 157.

11. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), (H) and (O).

12. Venue in this district is proper under 28 U.S.C. §§ 1408 and/or 1409.

**13.** The Trustee has standing to bring these claims.

## THE TRANSFER

14. Prepetition, Debtors owned the following vehicles (collectively, the "**Vehicles**"):

   A. 2017 Ram 2500 Laramie (the "**Ram**");

   B. 2011 Jeep Wrangler (the "**Jeep**");

   C. 2000 Jaguar S Type (the "**Jaguar**"); and

   D. 2012 Nissan Sentra SL (the "**Nissan**").

15. On or about September 28, 2018, Debtors transferred the Ram to Marissa.

16. Debtors did not receive any property or payments nor were any debts were paid in exchange for the transfer of the Ram to Marissa.

17. On or about September 28, 2018, Debtors transferred the Jeep to Marissa.

18. The Debtors allege that the transfer of the Jeep to Marissa was on behalf of a gift that occurred in 2012. The title was transferred in September of 2018 after the debt securing a lien on the Jeep was satisfied.

19. Debtors did not receive any property or payments nor were any debts were paid in exchange for the transfer of the Jeep.

20. On or about October 8 2018, Debtors transferred the Jaguar to Marissa.

3

21. Debtors did not receive any property or payments nor were any debts were paid in exchange for the transfer of the Jaguar to Marissa.

22. On or about August 28, 2018, Debtors transferred the Nissan to Miranda.

23. Debtors did not receive any property or payments and no debts were paid in exchange for the transfer of the Jaguar to Marissa.

24. The Trustee's investigation is on-going and the Trustee reserves the right to (i) supplement the information on the transfer of the Vehicles, and any additional transfers, and (ii) seek recovery of such transfers.

## COUNT 1
## NEW MEXICO VOIDABLE TRANSACTION
## ACT §§ 56-10-18(A)(1) AND/OR 11 U.S.C. §§ 544, 550(a), AND 551

25. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully restated herein.

26. At all relevant times there was, and is, at least one or more creditors, as defined in § 56-10-15(D) of the New Mexico Voidable Transaction Act, who held and hold matured or unmatured unsecured claims against Debtors that were, and are, allowable under § 502 of the Bankruptcy Code or that were, and are not, allowable only under § 502(e).

27. The transfers of the Vehicles to Defendants constitute transfers by Debtors in property within the meaning of § 56-10-15(L) of the New Mexico Voidable Transaction Act.

28. The transfer of the Property to Defendant was done with the actual intent to hinder, delay or defraud the creditors of Debtors and to or for the benefit the Defendants.

4

## COUNT 2
## NEW MEXICO VOIDABLE TRANSACTION
## ACT § 56-10-18(A)(2) AND/OR 11 U.S.C. §§ 544, 550(a), AND 551

29. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

30. At all relevant times there was, and is, at least one or more creditors, as defined in § 56-10-15(D) of the New Mexico Voidable Transaction Act who held and hold matured or unmatured unsecured claims against Debtors that were, and are, allowable under § 502 of the Bankruptcy Code or that were, and are not, allowable only under § 502(e).

31. Debtors did not receive reasonably equivalent value in exchange for the Vehicles.

32. At the time the Vehicles were transferred, Debtors were insolvent or became insolvent as result of such transfers.

## COUNT 3
## NEW MEXICO VOIDABLE TRANSACTION
## ACT § 56-10-19(A) AND/OR 11 U.S.C. §§ 544, 550(a), AND 551

33. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

34. At all relevant times there was, and is, at least one or more creditors, as defined in § 56-10-15(D) of the New Mexico Voidable Transaction Act, who held and hold matured or unmatured unsecured claims against Debtor that were, and are, allowable under § 502 of the Bankruptcy Code or that were, and are not, allowable only under § 502(e).

35. Debtors did not receive reasonably equivalent value in exchange for the Vehicles.

36. At the time the Property was transferred, Debtors were insolvent or became insolvent as result of such transfers.

## COUNT 4
## FRAUDULENT TRANSFER
## 11 U.S.C. §§ 548(a)(1)(A), 550 and 551

43. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44. The Vehicles were transferred within two years before the Petition Date.

45. The Vehicles were transferred to Defendants with the actual intent to hinder, delay and defraud some or all of Debtors' then existing or future creditors.

46. The transfer of the Vehicles constitutes a fraudulent transfer avoidable by the Trustee pursuant to § 548(a)(1)(A) of the Bankruptcy Code and recoverable from Defendants pursuant to 11 U.S.C. § 550(a).

## COUNT 5
## FRAUDULENT TRANSFER
## 11 U.S.C. §§ 548(a)(1)(B), 550, AND 551

47. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

48. The Vehicles were transferred on or within two years before the Petition Date.

49. Debtors received less than a reasonably equivalent value in exchange for the Vehicles.

50. At the time the Vehicles were transferred, Debtors were insolvent.

51. At the time the Vehicles were transferred, Debtors intended to incur, or believed that they would incur, debts beyond their ability to pay as such debts matured.

52. The transfer of the Vehicles constitutes a fraudulent transfer avoidable by the Trustee pursuant to § 548(a)(1)(B) of the Bankruptcy Code and recoverable from Defendants pursuant to 11 U.S.C. § 550(a).

# COUNT 6
# UNDISCOVERED FRAUDULENT TRANSFER PURSUANT TO
# NM FRAUDULENT TRANSFER ACT 11 U.S.C. §§ 544, 550(a), AND 551

53. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

54. At all times relevant to the transfer of the Vehicles, Debtors may have regularly transferred or titled assets in third party's names which was not reasonably discoverable by at least one unsecured creditor of Debtors.

55. At all times relevant to the transfer of the Vehicles, there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against Debtors that were, and are, allowable under § 502 of the Bankruptcy Code, or that were, and are not, allowable only under § 502(e).

56. The transfer of the Vehicles was done with the actual intent to hinder, delay or defraud the creditors of the Debtors. Debtors transferred the Vehicles to or for the benefit of Defendants in furtherance of a fraudulent scheme.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment in favor of Trustee and against Defendants as follows:

A. On Count 1, pursuant to New Mexico Voidable Transaction Act § 56-10-18(A)(1) and/or §§ 544(b), 550(a), and 551 of the Bankruptcy Code: (a) avoiding and preserving the value of the Vehicles, (b) directing that the value of the Vehicles be set aside, and (c) recovering the value of the Vehicles from Defendants for the benefit of the estate;

B. On Count 2, pursuant to New Mexico Voidable Transaction Act § 56-10-18(A)(2) and §§ 544(b), 550 and 551 of the Bankruptcy Code: (a) avoiding and preserving the value of the

Vehicles, (b) directing that the value of the Vehicles be set aside, and (c) recovering the value of the Vehicles from Defendants for the benefit of the estate;

      C.      On Count 3, pursuant to New Mexico Voidable Transaction Act § 56-10-19(A) and §§ 544(b), 550, and 551 of the Bankruptcy Code: (a) avoiding and preserving value of the Vehicles, (b) directing that the value of the Vehicles be set aside, and (c) recovering the value of the Vehicles from Defendants for the benefit of the estate;

      D.      On Count 4, pursuant to §§ 548(a)(1)(A), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Vehicles, (b) directing that the Vehicles be set aside, and (c) recovering the Vehicles from Defendants for the benefit of the estate;

      E.      On Count 5, pursuant to §§ 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code: (a) avoiding and preserving the Vehicles, (b) directing that the Vehicles be set aside, and (c) recovering the Vehicles from Defendants for the benefit of the estate;

      F.      On Count 6, pursuant to applicable sections of the New Mexico Voidable Transaction Act and/or Bankruptcy Code §§ 544(b), 550, and 551: (a) avoiding and preserving the future undiscovered fraudulent transfers, (b) directing that the future undiscovered fraudulent transfers be set aside, and (c) recovering the future undiscovered fraudulent transfers from Defendants, or any additional defendants later joined, for the benefit of the estate;

      G.      On all Claims for Relief, awarding the Trustee all applicable interest, costs attorneys' fees, and disbursements of this action; and

      H.      On all Claims for Relief, any further relief deemed just and proper by this Court.

Respectfully submitted,

ASKEW & MAZEL, LLC

By: *s/ filed electronically*
    Edward A. Mazel
    Jacqueline N. Ortiz
    1122 Central Ave. SW, Suite 1
    Albuquerque, NM 87102
    (505) 433-3097 (phone)
    (505) 717-1494 (fax)
    edmazel@askewmazelfirm.com
    jortiz@askewmazelfirm.com
*Attorneys for Plaintiff*